[No. 10829.  *En Banc.*  October 26, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Hulet M. Wells, Plaintiff*, v. KING DYKEMAN, *Judge etc.,* Respondent.[1]

ELECTIONS—NOMINATIONS—PRIMARY ELECTIONS—NOMINATIONS AT CONVENTIONS—EFFECT—CONSTITUTIONAL LAW—CIVIL RIGHTS—RIGHT TO ASSEMBLE.  Under Rem. & Bal. Code, § 4826, relating to the election of precinct, county and state party committeemen, and the holding of party conventions, and providing that a convention shall have no power to nominate any candidates to be voted for at any primary election, a person nominated at a convention is not thereby disqualified from afterwards becoming a candidate at the September primaries; since to construe the law to have that effect would render it unconstitutional as violating Const., art. 1, § 4, providing that the right of petition and of the people peaceably to assemble for the common good shall not be abridged.

Certiorari to review a judgment of the superior court for King county, Dykeman, J., entered October 14, 1912, prohibiting the county auditor from printing the relator's name upon the general election ballots as a nominee of the socialist party for the office of representative.  Reversed.

*Hulet M. Wells*, for appellant.

*W. J. Daly*, for respondent.

MOUNT, C. J.—Writ of review.  It appears that the socialist party, some time prior to the September primary election, held a convention at which nominations or recommendations were made for certain officers to be voted upon at the primary election to be held on September 10, 1912.  The relator, Hulet M. Wells, was selected at this convention to be the candidate for the office of representative for the Forty-third legislative district.  Thereafter, and before the primary election, he duly filed as a candidate for such office.  His filing fee was paid by his party.  At the primary election he

[1]Reported in 127 Pac. 218.

received the highest vote of his party for such office, and a certificate of nomination was thereafter issued to him by the county auditor of King county, and his name was about to be printed on the general election ballot as the nominee of his party for this office, when a petition was filed in the superior court alleging the facts above stated, and that his nomination was void because of the fact that he had previously been nominated by a convention. The trial court sustained this position, and issued a writ of prohibition against the county auditor. The relator thereupon sued out this writ of review of that order of the superior court.

Counsel for the respondent argues, and the trial court evidently held, that the provisions of Rem. & Bal. Code, § 4826, disqualified the relator to be a candidate at the September primary election, and that his nomination at that primary election was, therefore, of no effect. That section reads as follows:

"At the September primary each voter may write in the space left on the ticket for that purpose the name of one qualified elector of the precinct for member of the party county committee. The one having the highest number of votes shall be such committeeman of such party for such precinct. The party committee of each county shall consist of the precinct committeemen from the several precincts of such county. The state committee shall consist of one committeeman from each county, elected by the county committee, which shall meet for such purpose and organization at the court house at the county seat of each county at 2 o'clock P. M. on the second Saturday after such primary election, unless some other time and place of such meeting shall be designated by a regular call of the properly authorized officers of the retiring committee. Each political party organization shall have the power to make its own rules and regulations, call conventions, elect delegates to conventions, state and national, fill vacancies on the ticket, provide for the nomination of presidential electors, and perform all other functions inherent to such organizations, the same as though this act had not been passed: Provided, that in no instance shall any convention have the power to nominate any candidate to

be voted for at any primary election. City committeemen may be elected at municipal elections in the manner provided in this section, as near as may be."

It is conceded that there is no section of the primary law which directly disqualifies the nominee of a party convention from becoming a candidate at the primary election, but it is claimed that because the statute above quoted provides "that in no instance shall any convention have the power to nominate any candidate to be voted for at any primary election," this disqualifies such nominees. But it is apparent that this provision does not have that effect. The section has reference to the election of precinct, county, and state party committeemen. It then provides that each political party organization shall have power to do certain enumerated things and "perform all other functions inherent to such organizations, the same as though this act had not been passed: Provided, that in no instance shall any convention have the power to nominate any candidate to be voted for at any primary election." This simply means that such convention shall not have the power to make nominations and require the names of such nominees to be placed upon the primary election ballot. Such conventions are not prohibited from making nominations, but they have no power to do so. If they should do so, such nomination is of no effect. No rights are acquired or lost by such nominations, if made. To hold that a recommendation or nomination by a party convention disqualifies a candidate is to make this provision a snare and give it a meaning obviously not intended. For example: The party organization, in order to defeat a popular candidate, might call a convention and, against his will, nominate such candidate and thus disqualify him. Or one party might nominate the candidate of an opposing party, and thus disqualify him. No organized body of men could beforehand agree upon or indorse one of their number to be voted for as a candidate for office at a coming primary election without disqualifying him. These results were clearly not intended,

and the statute should not be construed so as to make such results possible. If it should be argued that the legislature intended by this provision that political parties should not have any voice in making or controlling the party nominees at the primary election, and that this provision means that political parties may not meet and make such recommendations for office as they may agree upon, then it seems plain that this provision is void because it is opposed to § 4 of art. one of the state constitution, which provides that "The right of petition and of the people peaceably to assemble for the common good shall never be abridged."

We take notice of the fact that people differ in their political beliefs. They are guaranteed the right under this provision of the constitution to peaceably assemble and to make such recommendations as they may conclude are for the common good, and to petition all other citizens to join them. This, of course, includes political parties as well as other bodies of citizens. No statute should be so construed as to make it void when it may be given a valid construction, nor should rights be taken away except by direct and positive declaration. No disqualification of candidates for office by reason of a nomination or recommendation of a party convention is found in the direct primary law, and we therefore conclude that such nomination does not disqualify a candidate who regularly files his candidacy under the primary law.

The judgment is therefore reversed, and the cause ordered dismissed. In view of an emergency in this case, it is ordered that the remittitur be sent down at once.

CROW, PARKER, GOSE, CHADWICK, and FULLERTON, JJ., concur.

ELLIS, J. (concurring)—It seems to me that the language of the majority is too broad in its reference to the constitutional provision therein discussed. It may be conceded that the right of the people to assemble, petition, discuss, and recommend, or even nominate, cannot be abridged by any legis-

lative act; but I can see no reason why the legislature may not make the solicitation or formal acceptance of such a nomination a personal disqualification to be a candidate at a primary election. Such a law would in no wise abridge the right of the people to assemble and recommend or nominate. It would be personal to the candidate. In so far as the majority opinion may be construed as foreclosing the right of the legislature to pass such a law as I have mentioned, it seems to me that the opinion gratuitously extends beyond the issue presented here. The language should be limited so as to leave no question as to the right of the legislature to make such action on the part of the candidate himself a personal disqualification. With this reservation, I concur in the result.

MAIN, J., concurs with ELLIS, J.