[No. 30882.   Department Two.   January 28, 1949.]

THE STATE OF WASHINGTON, *on the Relation of Burton James et al., Plaintiff*, v. THE SUPERIOR COURT for KING COUNTY, *William J. Wilkins, Judge, Respondent.*[1]

*Caughlan & Hatten*, for relators.

*Charles O. Carroll* and *John L. Vogel*, for respondent.

[1] Reported in 202 P. (2d) 250.

SCHWELLENBACH, J.—Relators filed an original application for a writ of review, to review the action of the respondent judge in denying motions to dismiss prosecutions against them because not brought to trial within sixty days. The respondent judge filed his return in response to the writ issued out of this court, and the matter is now before us for review.

The prosecuting attorney for King county, on August 10, 1948, filed substantially identical informations against each of the relators, charging them respectively with gross misdemeanors in that they, before a joint legislative "fact finding committee on Un-American Activities" known as the Canwell Committee, wilfully refused to answer a question, namely, "Are you now, or have you ever been, a member of the Communist Party."

The minute entries for the superior court of King county show the following:

*"Friday, Aug. 27, 1948* Donald A. McDonald Presiding Judge Defendant appears in person and by counsel; is arraigned by Prosecuting Attorney, and granted seven days to plead.
*"Friday, Sept. 3, 1948*      Clay Allen      Judge
Motion for Bill of Particulars, etc. Continued to Sept. 13th.
*"Monday, Oct. 4, 1948*      Clay Allen      Judge
Motion for Bill of Particulars
Motion to Make More Definite and Certain
Demurrer and Motions taken under advisement
*"Friday, Oct. 29, 1948* Donald A. McDonald Presiding Judge
Defendant enters plea of not guilty."

On December 9, 1948, motions to dismiss were filed on behalf of the defendants. These motions were based on the ground that they had not been granted a speedy trial guaranteed to them under the constitution, and on the further ground that they had not been brought to trial within sixty days from the filing of the information, no good cause having been shown for the delay. On December 10, 1948, the prosecuting attorney filed motions for orders setting the cases for trial. Both motions came on for hearing before Judge Wilkins on December 13, 1948, who denied the motions to dismiss and granted the state's motion for setting for trial.

In support of the motion to dismiss; Mr. Caughlan filed an affidavit which stated: that at the hearing before Judge Allen on September 3rd, the court advised that it was not convenient for him to hear the argument on that date; that affiant urged that the causes be heard prior to September 14th, on which date he had another trial commencing in Federal court; that the court set the causes down for argument on September 13th; that thereafter the prosecuting attorney and deputy prosecutor, Herbert Davis, sought to and did succeed in having the causes continued on the motion of the prosecutor, until October 4th, when they were argued and taken under advisement by the court, which entered its memorandum decision overruling the demurrers and motions on October 9th.

That thereafter, wholly and exclusively by reason of delay on the part of the prosecutor, a formal order embodying the terms of the memorandum was presented by the prosecutor on October 22nd, and that thereafter the prosecutor, again on his own motion, advised affiant that defendants' pleas would be taken on October 29th, on which date the defendants appeared and entered pleas of not guilty; that thereafter no steps were taken by the prosecutor to set the causes for assignment for trial until the day following the filing of the motions to dismiss.

There follow charges by affiant, based upon his belief, that the prosecutor deliberately sought to delay the trials until after election, because it might embarrass the prosecutor's candidacy for the superior court; and further, that the prosecutor intended to delay the trials to coincide with the convening of the 1949 state legislature, in order to influence the continuation of the Un-American Activities Committee. With these charges, based only upon affiant's belief, we will not concern ourselves.

The affidavit of Herbert H. Davis, chief criminal deputy prosecuting attorney, filed in answer to the motion to dismiss, stated: that upon the filing of the demurrers and motions, because of the important and difficult constitutional questions involved, special arrangements had to be made with Judge Allen for sufficient time in which to pre-

sent the arguments; that at the suggestion of the prosecutor's office that it would be helpful to the court to have briefs presented before the argument, the argument was postponed approximately one week; that the arguments consumed a full day, and voluminous briefs were filed by the parties; that the court took the matter under advisement and rendered a memorandum opinion on October 9th; that in some of the cases, on October 13th, the defendants filed "Exceptions to Memorandum Decision," consisting of three pages.

That when the court entered the formal order overruling the demurrers, it granted a portion of the motions for bill of particulars; that immediately thereafter, it was agreed between affiant and the attorneys for defendants, that defendants' pleas should be entered October 28th.

That the superior court of King county has permitted the prosecutor to set for trial only the following cases, since the pleas of not guilty were entered: November 6th, seven cases; November 20th, eight cases; that the prosecutor's office had approximately fifty cases in superior court awaiting setting for trial on November 6th, and approximately sixty cases awaiting setting for trial on November 20th, most of them being felony cases, and many of the defendants were held in jail and unable to make bail; that one of the judges of the superior court died in the latter part of September and no successor was appointed, resulting in an additional burden being placed on the court.

Art. I, § 10, of the state constitution, provides:

"Justice in all cases shall be administered openly and without unnecessary delay."

Art. I, § 22, provides:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been com-

mitted, and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed."

Rem. Rev. Stat., § 2312 [P.P.C. § 120-15], provides:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

Rem. Rev. Stat., § 2315 [P.P.C. § 120-21], provides:

"An order dismissing a prosecution under the provisions of sections 2311, 2312, or 2314 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution."

The constitutional guaranty of a speedy trial is a privilege granted to the accused. If he demands a speedy trial, it must be granted to him. But, in order to take advantage of this *constitutional* guaranty, the accused must move. The question always arises, does he actually want a speedy trial. The right is there if he demands it, but his failure to so demand will constitute a waiver, on his part, of that right.

On the other hand, the *statutory* mandate imposes upon the state the duty to bring the accused to trial within sixty days. The state must take the initial action. Upon a showing of a failure of the state to bring the accused to trial within sixty days after the filing of the information, it is the duty of the court to order the action dismissed, unless good cause to the contrary is shown. *State v. Miller*, 72 Wash. 154, 129 Pac. 1100.

Had relators actually wanted a speedy trial, they could have noted their cases for setting and could have speeded up the proceedings. We find nothing in the record to indicate that their constitutional right to a speedy trial has been violated.

456

■ We are not impressed with the argument of the state that the condition of the King county court calendar constituted good cause for the delay in bringing relators to trial. The statute means what it says. It was enacted for the purpose of speeding up the trials of persons accused of crime. It was for their benefit. This is especially true as to those who are charged with misdemeanors and gross misdemeanors, because, under the statute, the order of dismissal as to them bars another prosecution for the same offense. It may very well be that situations might arise where, because of the condition of the court calendar and the press of business, it would be impossible for the state to bring the accused to trial within sixty days. But here such a situation clearly did not exist, and the prosecutor did nothing. Because of his failure to act, he cannot set up the condition of the calendar as good cause for delay.

■ Relators had a perfect right to file demurrers and motions to make more definite and certain before entering their pleas. We do not feel that this was done for the purpose of delay, because a portion of their motion for a bill of particulars was granted. But we do feel that the filing of the demurrers and motions contributed to the delay.

In *State v. Fox*, 71 Wash. 185, 127 Pac. 1111, the information was filed on August 23, 1911. On September 13th, the defendant filed a general demurrer to the information. The demurrer was noted for hearing on September 15th, at which time it was not heard. On October 25th, the defendant filed a motion to dismiss, upon the ground that he was not brought to trial within sixty days. The motion was supported by an affidavit setting up the above facts; stating that the demurrer had been carried on the motion calendar and had not been heard, and that the defendant had at all times been ready to argue the demurrer; and that other parties charged with crime, upon information filed subsequent to the date of the information filed against the defendant, had been brought to trial. In affirming the ruling of the trial court denying the motion for dismissal, this court said:

"It is apparent from the record that the delay was caused by the defendant. He had filed a demurrer to the information, and when the demurrer came on for hearing, his counsel required more time to present his argument upon the demurrer than the court had at its disposal. The arguments and the trial were for that reason delayed, for the accommodation of the defendant if not upon his own application. This was a sufficient reason for denying the motion."

In the matter before us, the delay in bringing relators to trial was the direct result of the demurrers and motions filed by them. This constitutes good cause shown for the delay.

The order of the trial court in denying motions to dismiss, is affirmed.

JEFFERS, C. J., ROBINSON, HILL, and GRADY, JJ., concur.