[No. 32882. Department One. September 30, 1954.]

ELMER J. RANK, *Respondent,* v. ALASKA STEAMSHIP COMPANY, *Appellant.*[1]

[1] Reported in 274 P. (2d) 583.

*Bogle, Bogle & Gates* and *Edw. S. Franklin,* for appellant.

*Kennett, McCutcheon & Soderland,* for respondent.

MALLERY, J.—This is an action under the Jones act, 46 U. S. C. A. 277, § 688.

The plaintiff was thirty years old and had been a sailor for ten years. He had made several previous voyages for the defendant. On March 19, 1953, he was injured while unloading cargo on defendant's ship "Nadina" at Seward, Alaska. The cargo was one-hundred-pound paper sacks of fertilizer stowed in tiers nine and ten sacks high. After the removal of several tiers, the crew came to the tier in question. The bottom sack had not been laid flat, which would have provided a stable support for the tier, but on edge in a slanting fashion so that upon the removal of the lateral support of the other tiers it suddenly toppled over on plaintiff, injuring his left leg permanently.

The jury returned a verdict in the amount of $20,200, and the defendant appeals.

■ The manner of stowing the tier in question by appellant company was contrary to the approved custom, and was dangerous because of its resulting instability. The jury had a right to find that this manner of stowage was negligence on the part of appellant.

This disposes of appellant's assignments of error directed to the trial court's refusal to dismiss the action, direct a verdict, or grant a judgment n.o.v.

The authorities marshaled by appellant touching its opportunity and duty of inspection to discover the existence of the dangerous tier, are beside the point. The tier was not stowed by some other party, but by the appellant itself. It is conclusively presumed to know what it did.

The appellant's next assignment of error is:

"The lower court erred in withdrawing appellant's affirmative defense of contributory negligence from the jury and refusing to give appellant's proposed instructions Nos. 4 and 5."

█ The appellant does not set out the instructions in which the defense of contributory negligence was withdrawn from the jury, as required by Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. We will, therefore, not consider it.

█ While appellant sets out its proposed instructions Nos. 4 and 5, it took only the following exception to their refusal by the court: "We also except to the failure of the Court to give Defendant's Instructions 4 and 5 . . . relative to contributory negligence and the duty of the jury to apply the rule of comparative negligence." This does not meet the requirement of Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, which provides:

"Exceptions to a charge to a jury, or to a refusal to give as a part of the charge instructions requested in writing, may be taken in the absence of the jury by any party at the conclusion of the charge and before reception of the verdict. Such exceptions may be either oral or in writing, and shall be noted by the court, and shall specify the paragraphs or particular parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to, *and shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute.*" (Italics ours.)

Since appellant did not say why it excepted to the trial court's refusal, we will not consider it.

It is perhaps proper to restate from time to time the purpose of the rule, which is to put upon counsel in general and those for appellants in particular, the duty to use their best efforts to keep a trial free from error. To this end they should assist the trial court by giving an adequate statement of their position upon all matters upon which they ask a ruling by the trial court. If a trial court then erroneously rejects their contentions, they may have a just grievance for which an appeal is the only remedy. An appeal, however, is not a device for trying out new theories or improving on the trial below.

█ The appellant's last assignment of error is: "The court erred in giving Instruction No. 7." The trial court's instruction No. 7 reads:

"You are instructed that where a person receives an injury as a proximate result of the negligence of another, and the injury is afterward aggravated and a recovery retarded through some subsequent accident not the result of want of ordinary care on the part of the injured person, the injured person may recover·for the entire injury sustained including that resulting from the subsequent mishap if the aggravation is a natural result likely to flow from the original injury."

This instruction was followed by instruction No. 7½ which reads:

"You are instructed if you find that the plaintiff is entitled to recover against Alaska Steamship Company for his injury of March 19, 1953, you shall not award him any damages caused by or resulting from the second accident occurring to his left knee on August 4, 1953, while aboard the SS F. S. Bell if said second injury was a separate, independent and intervening accident of the plaintiff for which the first injury was in no way responsible."

These two instructions, taken together, are a correct statement of the law.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.