People of the State of Illinois, Plaintiff-Appellant, v. Vernon Rinks, Defendant-Appellee.

Gen. No. 66–98.

Second District.

February 27, 1967.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Kevin P. Connelly, Assistant State's Attorney, for appellant.

No brief filed by appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

■ This is an appeal by the State from orders of the Circuit Court of the 18th Judicial Circuit, DuPage County, that dismissed a three-count indictment against the defendant, Vernon Rinks. Although no reply brief has been filed with this court by Rinks we will consider the appeal on its merits as is within our discretion. People v. Sanders, 75 Ill App2d 422, 424, 220 NE2d 487.

On January 1, 1966, three complaints were brought against the defendant, all alleging wrongful conduct by him at approximately 11:50 p. m. on New Year's Eve, December 31, 1965. The first complaint charged Rinks with Obstructing a Peace Officer in violation of section 31–1 of the Criminal Code (Ill Rev Stats 1965, c 38, § 31–1) a misdemeanor, in that he obstructed a Village of Lombard police officer, Eldred Denny, in his authorized attempt to effect an arrest. The second and third complaints charged Rinks with the felonies of Aggravated Batteries in that he pushed and struck Denny and a fellow police officer, Neal Clacher, knowing them to be peace officers engaged in their official duties, contrary to section 12–4(b)(5) of the Code (Ill Rev Stats 1965, c 38, § 12–4(b)(5)).

The defendant was released on bond on the same day that the complaints were filed and he was ordered to appear before the Magistrate's Division of the Circuit Court of DuPage County on January 20, 1966, for preliminary hearings and arraignment. Rinks appeared at that date, with counsel, but all three matters were continued to January 26 on the motion of the court. On January 26, it was represented to the court that officer Denny was in the hospital as a result of injuries received in the occurrence that gave rise to the charges, and, on the State's motion, all three cases were continued to February 23. On that date the State moved for a further continuance and submitted an affidavit that recited that Denny had

undergone surgery on February 18 and would be unavailable for at least six weeks. The court granted the motion and continued the three cases to April 20, 1966, when they were dismissed for want of prosecution when the State's witnesses again failed to appear. Rinks, or his counsel, or both, were present on all of the foregoing dates.

On May 9, 1966, the Grand Jury of DuPage County returned a three-count indictment against Rinks. Count I charged him with the crime of Aggravated Battery in violation of section 12–4(a) of the Code in that he intentionally committed a battery on Denny which caused great bodily harm. Count II was identical to one of the original complaints in that it charged Rinks with a further Aggravated Battery in that he struck Denny, knowing him to be a peace officer in violation of section 12–4 (b)(5) of the Code. Count III charged him with the Obstruction of a Peace Officer for his interference with an attempted arrest by an officer Kundrot.

After pleading not guilty at the arraignment, the defendant filed a motion to dismiss the indictment pursuant to section 114–1 of the Code of Criminal Procedure. That motion stated, in part, as follows:

"On April 20, 1966, a complaint charging an offense arising out of the same conduct of the defendant was dismissed for want of prosecution. This offense was obstructing a peace officer. The Peace officer allegedly obstructed from performing his duty was Sgt. Eldred Denny, working in conjunction with Officer Charles Kundrot, of the Lombard Police Department. The State in bringing up a subsequent indictment violates Section 3–3 of the Criminal Code and also Section 3–4(a)2 and 3–4(b)1, 2, and 3."

On June 13 the court dismissed Count III of the indictment and, on June 20, Counts I and II.

155

■ Section 3–3 of the Criminal Code (Ill Rev Stats 1965, c 38, § 3–3) is entitled "Multiple Prosecutions for Same Act" and concerns itself with the compulsory joinder of certain offenses if they are based on the same act. Nothing in that section prevents the State from charging a defendant with the commission of as many separate offenses as may arise from the same act. It only requires that they be prosecuted, in certain instances, in a single prosecution. It is possible in this case that the State would be compelled, by the provisions of this section, to proceed as a single prosecution to prevent what has been described as the "fundamental unfairness" of multiple prosecutions. The People v. Mullenhoff, 33 Ill2d 445, 211 NE2d 744, 447–449, incl.; The People v. Golson, 32 Ill2d 398, 207 NE2d 68, 410–412, incl.

Although multiple charges were filed against Rinks, there is nothing in the record to indicate that the State was not in the process of a single prosecution.

The other sections of the Criminal Code cited in the defendant's Motion to Dismiss provide as follows:

"3–4 § 3–4 Effect of Former Prosecution.

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

". . .

"(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution; or . . .

"Section 3–4 § 3–4

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

156

"(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3–3 of this Code (unless the court ordered a separate trial of such charge) ; or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began; or

"(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution; or

"(3) Was terminated improperly under the circumstances stated in Subsection (a), and the subsequent prosecution is for an offense of which the defendant could have been convicted if the former prosecution had not been terminated improperly."

■ These sections were designed, generally, to protect an accused person against situations that might involve so-called "double jeopardy" by its prohibition of a subsequent prosecution for the same offense or a subsequent prosecution for a different offense based on the same act or acts.

■ As we have seen, the defendant was originally charged with the commission of two felonies and one misdemeanor and the felonies were referred to the magistrate for the purpose of a preliminary hearing to determine whether probable cause existed to hold him over to the Grand Jury. The magistrate had no jurisdiction over the felony charges; could not accept a plea to them, and, could enter no final orders or judgments. (Ill Rev Stats 1965, c 37, § 621 et seq.; Supreme Court Rule 295).

157

■ Clearly, no jeopardy had attached at that state of the prosecution before its aborted termination by the action of the magistrate. Preliminary hearings are not required and a discharge at that stage of a proceeding has "no effect upon and does not bar a subsequent indictment nor bind the Grand Jury." The People v. Jones, 9 Ill2d 481, 482, 138 NE2d 522; People v. Campbell, 49 Ill App2d 269, 271, 272, 200 NE2d 72.

The magistrate did have jurisdiction over the original misdemeanor charge and we would conclude that it is the defendant's position that the dismissal order of April 20 was "final" and that therefore the State was barred from either a subsequent prosecution for the same offense or a different offense based on the same conduct. It is obvious that the dismissal for want of prosecution did not involve "a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution" so that neither sections 3–4(a)(2) or 3–4(b)(2) were applicable. Section 3–4(b)(3) applies only to those situations where the trial has begun and is terminated improperly after jeopardy has attached to the defendant, and is therefore, not relevant to our case.

■ Section 3–4(b)(2) has been considered by the Supreme Court in two recent cases (The People v. Miller, 35 Ill2d 62, 66, 219 NE2d 475; and The People v. Piatt, 35 Ill2d 72, 73, 74, 219 NE2d 481) which hold that the paragraph is applicable only where the prior prosecution has resulted in either a conviction or an acquittal as defined by sections 2–1 and 2–5 of the Criminal Code. Therefore, the dismissal order of April 20, as it related to the misdemeanor charge, although entered by a court of competent jurisdiction, did not act as a bar either to a subsequent prosecution for the same offense or a subsequent prosecution for any other offense that might arise from the same act.

Since the defendant has not been incarcerated nor is there any evidence that he has made a formal demand

158

for trial, his prosecution is also not barred by the so-called "four term" rule.

We find no reason for the dismissal of the indictments and, therefore, we reverse the orders of the trial court and remand the cause for further action.

Reversed and remanded.

DAVIS, P. J. and BURT, J., concur.