[No. 40177.    En Banc.    April 10, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. LOWELL CHRISTENSEN, *Appellant.*\*

*Reported in 453 P.2d 644.

*Horrigan, Sullivan & McKinlay,* by *Edward H. McKinlay,* for appellant.

*C. J. Rabideau,* for respondent.

HALE, J.—Defendant claims a denial of his right to a speedy trial under article 1, section 22 (amendment 10) of the state constitution and amendment 6 of the constitution of the United States. His appeal also involves RCW 10.46.010 requiring that criminal cases be brought to trial within 60 days. The record also evokes questions concerning the sufficiency of defendant's request for a speedy trial.

Defendant was arrested in Pasco on July 6, 1967, on a justice court felony complaint charging him under RCW 9.79.080 with taking indecent liberties with a female person under the age of 15 years. He was promptly admitted to bail, and at all times since his arrest has been regularly employed and living in the community with his wife and children. The charge remained pending in justice court until August 23, 1967, when the Prosecuting Attorney for Franklin County superseded it with an information in superior court. When arraigned in superior court on the information, defendant, with counsel present, entered a plea of not guilty. His counsel made some comments to the court which, defendant contends, constituted an application for a speedy trial. Later, on defendant's motion, the court, under the 60-day statute (RCW 10.46.010), ordered the information dismissed, but refused to make it a dismissal with prejudice.

It is from this refusal, which in effect amounted to a denial of an order quashing the information, that the appeal is taken. Thus, the state does not appeal the order of dis-

missal granted pro forma under the 60-day statute and that order is not before for us for review save as a part of the record. What we must determine is whether, under the state and federal constitutions, that order should have been made with prejudice, so as to constitute an undeniable predicate for a plea in bar to a trial upon the information. The cause is here on an agreed statement of facts.

The first proceedings, upon which defendant depends for a dismissal with prejudice, occurred before Judge John Thomas Day, presiding in superior court at arraignment. Present were Mr. McKinlay, counsel for the defendant, and Mr. Moore, representing the state:

Q. Then to the charge in the Information dated the 23rd day of August, 1967, alleging indecent liberties, what is your plea, guilty or not guilty? A. Not guilty. Q. A plea of Not Guilty will be received and the matter will be set over to the jury term. MR. McKINLAY: Your Honor, I should go on the record here as having indicated to the Prosecuting Attorney this morning some prospect of it going over to the spring term, but the defendant indicates he would like it disposed of at this time, so . . . THE COURT: Will you advise Judge Lawless of this then? MR. MOORE: Yes, Your Honor, we will do so. THE COURT: That's all.

At that time under procedures then obtaining in that judicial district for setting cases for trial, counsel knew that after a plea of not guilty the case would come on automatically for setting and probably for trial before Judge James Lawless, the other judge of that district. Thus, on no more than the foregoing rather vague and indefinite colloquy occurring conversationally before one judge at arraignment, the defendant largely rests his contention that he demanded a speedy trial from another judge before whom the case would likely be set and tried. The matter, as will later appear, seems to have been left, so to speak, in a state of suspended animation, with no application for a trial setting to come before Judge Lawless, the prospective trial judge, except under the automatic trial setting procedures long employed and then in effect in that judicial district.

That the colloquy before Judge Day at arraignment amounted to no more than conversation may be seen in the vague and indefinite nature of defendant's assertions. Knowing that Judge Lawless under existing procedures would in all probability set the trial date and try the case, defense counsel's only comment concerning a trial date was that he had indicated to the *prosecuting attorney* "some prospect of it going over to the spring term, but the defendant indicates he would like it disposed of at this time." To this comment, Judge Day, addressing Mr. Moore, the deputy prosecuting attorney, asked, "Will you advise Judge Lawless of this then?" and to which Mr. Moore replied, "Yes, Your Honor, we will do so." That concluded the first episode on which defendant rests.

The sequel was equally vague, indefinite and uncertain. August 28, 1967, Mr. Moore, the deputy prosecuting attorney, addressed a letter to Judge Lawless at the Franklin County Courthouse with copy to Mr. McKinlay, defense counsel, stating merely:

> On Friday, August 25, 1967, Mr. Christensen was arraigned and plead not guilty. He stated a desire to have the matter tried this term and Judge Day requested that we contact you for a setting date. I would estimate that the matter would take approximately one day to try, and I doubt that a settlement will be made.

Judge Lawless had no recollection of having received this letter of August 28. During the impending jury term, scheduled to run from September 11, 1967, until November 9, 1967, there were still available for jury trials 23 days. Needless to say, Judge Lawless did not set the case for trial during that term. Since the trial judge was unaware of the prosecutor's letter, and defendant, although having a copy of it, made no application, orally or in writing, for a trial date, the case did not come on for setting until January 19, 1968—and then in the routine order of business. On that date, Judge Lawless, in the course of a regular call of the assignment calendar, announced from the bench sua sponte that the instant case was set for trial on February 25, 1968. Mr. McKinlay, defendant's attorney, in court on

other matters, by happenstance heard the court announce the date of trial and immediately protested the setting, first because the date fixed would conflict with a civil case he was handling and secondly in objection to its "being set at all." Thereupon, apparently in an effort to reconcile counsel's conflict in trial dates, the court set the case for trial to be held on February 6, 1968.

A few days later, more than 60 days from the filing of the information, the defendant, on January 26, 1968, filed the instant motion for a dismissal with prejudice, basing it on the 60-day statute (RCW 10.46.010) and the state and federal constitutions. In granting the dismissal under the statute, but without prejudice to a refiling of the information, the court said, *inter alia*:

> The Prosecuting Attorney brought this on in a proper fashion; Judge Day referred it to me and asked the prosecuting attorney's office to advise me that the matter needed a date. Now, it is evident from the record that on August 28, the Deputy, Mr. Moore, directed a letter to me. In all honesty I have to tell you that I either read it and forgot it or I simply didn't read it. I have no recollection at all of receiving the letter, although I am certain that I must have received it, so in some fashion I lost the communication.
>
> . . .
>
> Now, I am also satisfied that the defendant did delay the matter to this extent. Had this Court been reminded in any fashion during the progress of the fall jury term, it would have received an immediate setting, and I suspect counsel is aware of that. Nothing was done by the defendant urging the setting of the matter, nor was there any effort to call it to the attention apparently of the Court or the prosecuting attorney's office until the time came for the setting of the spring term. Now as both counsel know the procedure likewise in this area is that all criminal matters and all matters in which a demand for jury has been made are automatically given a trial date without any request from counsel. This is how this matter happened to come on again. When this matter was given a date, then the defendant comes forward and urges too much time has gone by. Now, I am reasonably certain that the fact that this matter was delayed as long

as it has been was with the understanding of the defendant, so as a consequence, I do not believe that the constitutional rights of the defendant have been in any wise aggrieved, and certainly not as a result of any conduct on the part of the prosecuting attorney's office, so I would enter the Order as presented.

I think I am obligated to dismiss it under the sixty-day rule, although I do not know what this accomplishes.

■ Despite the learned trial judge's most scrupulous acknowledgment of possible fault, we doubt that the record shows that either party requested a trial setting or showed any disinclination to depart from the established procedures for calling the assignment calendar. A judge cannot make his rulings gratuitously and out of thin air; he cannot be expected to divine the half-expressed hopes of counsel nor convert their subtleties into a request for a judicial ruling. The court is not an adversary but a neutral, and nothing in this record suggests that either judge of record acted otherwise. Before a court can take responsive judicial action, it should be apprised with reasonable certainty what it is asked to do. To rule otherwise would make shambles of long-established and universally accepted procedures and arbitrarily place upon trial judges duties and standards of vigilance they cannot fulfill.

Defendant's counsel received a copy of the prosecuting attorney's letter to Judge Lawless but apparently ignored it. He made neither a motion nor an application nor a request for a trial setting. He did not indicate to the court what dates during the term he would be available for trial. Then, more than 60 days after arraignment, during all of which time the defendant had been at liberty on bail, with no showing whatever that trial after the 60-day period disparaged his defense, the defendant moved for a dismissal under the 60-day statute. That the casual, vague proceedings which took place at arraignment here can be transmuted as a matter of law into what amounts to a plea in bar to a felony prosecution does violence to the long-cherished assumption that the law in a substantial degree is founded on reason.

There is no reason why a party should not be required to state his motion, petition or application to the court with reasonable explicitness. We require exceptions to the instructions to be adequately stated or they will not be considered on appeal. *Rank v. Alaska S.S. Co.,* 45 Wn.2d 337, 274 P.2d 583 (1954). The reasoning supporting the rule on instructions ineluctably supports such a rule on motions. If vague, indefinite and inadequate exceptions to instructions will not be deemed sufficient, neither should vague, indefinite and inadequate motions, petitions and applications.

■ Thus, it is a general rule that a request or demand for a speedy trial—or for any other relief or remedy for that matter—to be made the basis for a claim of error should be reasonably certain and explicit. And the demand must be to the court; a request to the prosecutor is insufficient. *United States v. Santos,* 372 F.2d 177 (2d Cir. 1967).

In *State ex rel. James v. Superior Court,* 32 Wn.2d 451, 202 P.2d 250 (1949), the court said, at 455:

> Had relators actually wanted a speedy trial, they could have noted their cases for setting and could have speeded up the proceedings.

Later, this principle was restated in *State v. Dickens,* 66 Wn.2d 58, 401 P.2d 321 (1965), in holding that failure to apply for a speedy trial amounts to a waiver (at 60):

> We have held that the constitutional guarantee affords the accused a right that is there if he demands it and that failure to so demand constitutes a waiver. *State ex rel. James v. Superior Court,* 32 Wn.2d 451, 202 P.2d 250.
> No such motion was made prior to the first trial.

Other jurisdictions require that, in order to warrant a dismissal, the record must show that the defendant has made a formal demand for a speedy trial. *People v. Rinks,* 80 Ill. App. 2d 152, 224 N.E.2d 29 (1967). And the formal demand must be entered in the record. *People v. Duncan,* 373 Mich. 650, 130 N.W.2d 385 (1964); *People v. Miklovich,* 375 Mich. 536, 134 N.W.2d 720 (1965). In New Jersey, the defendant, to make his application the basis for a dismissal, not only must formally move for a speedy trial, but for trial on a day

certain. *State v. Brockington,* 89 N.J. Super. 423, 215 A.2d 362 (1965). In a similar vein, the Oklahoma Supreme Court has said "it is necessary to make such a showing that will reveal to the court that defendant is asking and demanding a trial or resisting a continuance thereof." *Hutson v. State,* 72 Okla. Crim. 61, 112 P.2d 1109, 1111 (1941). Sustaining the court's refusal to grant a dismissal, that court added, at 66:

> The mere fact that he informed the court at the time he made bond that he would be ready for trial at the next term, and that the court informed him he wanted to get rid of the case, is not such a demand as contemplated by the statute. The record does not reveal that he presented himself at the November, 1938, term [the term following his arrest] of the county court and demanded to be tried. As a matter of fact, he testifies that he did not appear there and made no demand of the court for trial at that time, and he was at liberty on bond.

The question of whether defendant actually requested a speedy trial under the 60-day statute is, of course, relevant to the request for a speedy trial under the constitution. RCW 10.46.010 provides:

> If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown.

We need not ascertain if good cause to the contrary was shown, for the court granted the dismissal and the state does not appeal. Having granted the motion, however, we are of the opinion that, under the statutes, the court was without jurisdiction to dismiss with prejudice. RCW 10.43-.010 categorically prohibits such a dismissal from being a bar to a refiling in the following language:

> An order dismissing a prosecution under the provisions of RCW 10.37.020, 10.46.010, and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; *but in no other case shall such order of dismissal bar another prosecution.*

(Italics ours.) Thus, as to the statutory right to a speedy trial, we must affirm the dismissal without prejudice.

■ Aside from the statute, however, should the court, on constitutional grounds, dismiss the case with prejudice? Does this record show that the defendant was deprived of his rights to a speedy trial under the sixth amendment to the federal constitution and article 1, section 22 of the state constitution?

We find in the record none of the four factors heretofore adopted by this court (*State v. Brewer*, 73 Wn.2d 58, 436 P.2d 473 (1968)), and by the Supreme Court of the United States upon which a denial of the constitutional right to a speedy trial can be said to depend: *i.e.*, (1) a delay of such length alone as to amount to a denial of the right to a speedy trial; (2) prejudice to the defense arising from the delay; (3) a purposeful delay designed by the state to oppress the defendant; or (4) long and undue imprisonment in jail awaiting trial.

■ The lapse of time between October 25, 1967, 60 days after the arraignment, and February 6, 1968, the date of trial, would not, standing alone, be great enough to constitute a denial of a speedy trial, for defendant was at liberty on bail during this interval and has shown no prejudice whatever to the preparation of his defense. Delay itself is not prejudicial unless the defendant demonstrates that, because of it, he has been deprived of specific evidence which has disappeared or become lost, or that witnesses who would otherwise have been available in defendant's behalf cannot be produced.

■ A showing of prejudice must be specific. In *United States v. Ewell*, 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773 (1966), answering a contention that a 19-month delay had been oppressive, the court said:

[T]he appellees' claim of possible prejudice in defending themselves is insubstantial, speculative and premature. They mention no specific evidence which has actually disappeared or has been lost, no witnesses who are known to have disappeared.

Thus, prejudice must be demonstrated and cannot be based on speculation; it must have impaired the preparation of the defense. *See United States v. Provoo,* 17 F.R.D. 183 (D.C. Md. 1955), *affirmed,* 350 U.S. 857, 100 L. Ed. 761, 76 S. Ct. 101 (1955).

In *State v. Brewer, supra* at 64, a showing was required that the delay actually prejudiced preparation of the defense:

It is not convincingly asserted that defendant suffered any discernible prejudice through the loss of any evidence or the testimony of any identifiable witness as a result of the delay.

Similarly, *see Pollard v. United States,* 352 U.S. 354, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957), where a 2-year delay in trial was not held to be a violation of the Sixth Amendment.

A 6-month delay in *United States v. Beard,* 381 F.2d 325 (6th Cir. 1967), and a 14-month delay in *United States v. Kaufman,* 393 F.2d 172 (7th Cir. 1968), were held not to constitute a denial of the constitutional right to a speedy trial even though the defendants were in custody during the delays. Also, where defendant was serving time in the penitentiary for another crime, a 10-year delay in bringing him to trial did not amount to an unconstitutional denial of a speedy trial. *Fouts v. United States,* 253 F.2d 215 (6th Cir. 1958).

In *United States v. Jackson,* 369 F.2d 936 (4th Cir. 1966), the court said, at 939:

In order to prove a denial of the sixth amendment right to a speedy trial it must be shown that the defendant's trial preparation was prejudiced and that the government's conduct was culpable or oppressive. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). See United States v. Simmons, 338 F.2d 804 (2 Cir. 1964).

To depart from these principles would overrule a long line of Washington cases. We said in *State v. Jestes, ante* p. 47, 448 P.2d 917 (1968), and *State v. Herr,* 70 Wn.2d 446, 423 P.2d 631 (1967), that a delay of 4 months between arraignment and trial violated neither the 60-day statute nor the state and federal constitutions. Similarly, in *State*

*v. Brewer, supra,* we said that a lapse of 6 months between arraignment and trial did not unconstitutionally deprive the accused of a speedy trial. And, in *State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965), where, during the interim the defendant was in a mental hospital, we held that 10 years' delay did not deprive him of either a statutory or constitutional right to a speedy trial.

As to the other factors testing speedy trial, it was nowhere shown in the instant case nor does the defendant contend that the delay was purposeful, arbitrary or vexatious or designed by the state to oppress the defendant. The record shows that 3 days after arraignment the prosecuting attorney did write the suggested letter to the trial judge and sent a copy to the defendant. The state did nothing to cause or procure a delay in trial or to disparage defendant's opportunity to wage his defense. Nor does the record show a purposeful delay on the state's part or indicate any improper motivation by the prosecution to effect a delay. *United States v. Ewell, supra.*

Finally, defendant cannot claim that the delay caused him protracted imprisonment. At all times since his initial arrest, he has been at liberty on bail. It, therefore, cannot be argued that he has been imprisoned without due process of law or unlawfully confined without judicial process.

Significantly, the defendant cites not a single authority for a dismissal with prejudice, not a solitary precedent to sustain a holding that a 6-month delay between the filing of an information and trial amounted to a denial of a speedy trial under the state and federal constitutions.

Affirmed.

HUNTER, C. J., WEAVER, ROSELLINI, HAMILTON, NEILL, and McGOVERN, JJ., concur.

HILL and FINLEY, JJ., concur in the result.

---

June 25, 1969. Petition for rehearing denied.