[No. 39821. Department One. September 18, 1969.]

PAT STEELE, *Appellant*, v. C. MONTGOMERY JOHNSON *et al.*, *Respondents.*

*Reported in 458 P.2d 889.

Patrick M. Steele, for appellant.

Edward N. Lange and Thomas R. Beierle, for respondents.

WEAVER, J.—In a well-considered memorandum opinion, the trial judge wrote:

Neither by treating the matter as a motion for summary judgment on the pleadings under Rule 12 (c), nor as a motion for summary judgment under Rule 56, could the plaintiff by any theory prevail. Plaintiff did not state a cause of action and the matters alleged are not ones subject to judicial relief.

Plaintiff appeals from a judgment dismissing his action with prejudice. His assignments of error present one issue: does his complaint, supplemented by the record available for consideration on motion for summary judgment or for judgment on the pleadings, state a claim?

September 20, 1966, plaintiff was a candidate, together with three others, for the Republican nomination for the office of United States Representative, Sixth Congressional District. He was unsuccessful.

Subsequent to the primary election, he filed this action against the Washington State Republican Committee, its chairman, C. Montgomery Johnson; the Kitsap County Republican Central Committee, its chairman, Wayne Erickson; and the National Republican Congressional Committee and Buehl Berentson, the Western Field Representative of the National Committee.

Plaintiff sought judgment for the amount of his campaign expenditures and for treble the amount if it were found that defendants' conduct was willful and intentional. This plea is completely frivolous. This jurisdiction has never had the doctrine of punitive damages, absent statutory authorization. *Maki v. Aluminum Bldg. Prods.*, 73

Wn.2d 23, 436 P.2d 186 (1968). The request for this relief is a "red herring."

The crux of the complaint is found in this allegation:

> That through custom and tradition the political parties observe and enforce a hands off position in the event of a contest for a position in a primary election campaign; that this long established policy denies to the candidates for such contested positions any financial support from the party or party officials, any active promotional or electioneering conduct by any party official; that the aforesaid defendant officials, by pronouncement and admonishment to all concerned, including this plaintiff and the other aforesaid candidates established that said policy, custom and tradition would be the rule in the primary election campaign to be concluded on September 20, 1966; that, in furtherance of said policies, said candidates were enjoined by said defendant officials and each of them from attacking one another and admonished to conduct a clean campaign.

Plaintiff alleges that prior to the primary election the defendants determined that one of the other primary candidates, George Mahler, would have the best chance of success against the incumbent Democratic congressman; that Mahler would be the only one to receive financial and promotional support in the general election if nominated; that defendants caused this information to come to the attention of a political writer for the Bremerton Sun. Candidate Mahler had the newspaper story reproduced and mailed to all Republican precinct committeemen.

The gist of plaintiff's complaint is that defendants, by their actions, breached a contract with the primary candidates when the information was given to the newspaper that Mr. Mahler was the choice of the party's organization, for it breached the long-standing policy, established "through custom and tradition," that the party would "observe and enforce a hands off position in the event of a contest for a position in a primary election campaign." In addition, plaintiff claims that defendants' actions were a direct and willfully tortious interference with the primary campaign, denying to the candidates a free and equal partisan election.

■ Except to the extent that jurisdiction is conferred by statute, the law of private and voluntary associations applies to political parties (25 Am. Jur. 2d *Elections* § 126), and courts will not interfere in, or take jurisdiction of, their internal affairs. *See State ex rel. Cann v. Moore,* 23 Wash. 276, 62 P. 769 (1900); *Determination of controversies within political party,* Annot., 20 A.L.R. 1035 (1922), *s* 169 A.L.R. 1291 (1947).

There is no rule of law, however, that prevents a political party from making contracts, nor is there any rule that immunizes them from liability for tortious conduct.

Both of plaintiff's theories of recovery—contract or tort —orbit around the efficacy of the alleged "custom and tradition" of the political party.

■ In answer to a written interrogatory inquiring when he decided to be a candidate for the Republican nomination for Congress, plaintiff answered: "Summer or so of 1965." This was prior to defendants' alleged "pronouncement and admonishment to all concerned" that the "custom and tradition would be the rule in the primary election campaign"; hence, plaintiff's decision to stand for nomination in the 1966 primary election was not based upon an alleged contract with defendants. It was his own political decision. The alleged "custom and tradition" which, for the purpose of this opinion we assume existed, is tenuous and fluid in nature. The custom of party noninterference in primary campaigns is not an offer for a unilateral contract. There being no offer, there was no acceptance. There was no contract. Plaintiff has not stated a violation of a legal right upon the theory of contract.

Was there a tortious interference with plaintiff's right to stand for election in the primary election? This depends upon the answer to the question of whether defendants breached a duty to plaintiff.

■ Accepting plaintiff's allegation that the political party had a "custom and tradition" that it changed, did the change breach a duty to plaintiff? We conclude—as did the trial court—that the change breached no duty the party might have had to plaintiff.

Deviation from alleged party custom or usage is a matter peculiar to party government with which courts do not interfere. There is nothing in the common law or in the statutory law of this state (*see State ex rel. Cann v. Moore,* 23 Wash. 276, 62 P. 769 (1900); *State ex rel. Wells v. Dykeman,* 70 Wash. 599, 127 P. 218 (1912) interpreting RCW 29.42.010), that prohibits a political party from changing its mind and supporting a particular candidate. In short, there is nothing in the law of this state that prohibits a political party from endorsing a candidate in a primary election. AGO 61-62 No. 85.

Defendants' decision to change policy was a political decision. Courts have no control over party policy. Under our form of party government, it is clear that this was a matter of self-government of a party, over which courts do not assume jurisdiction and management. Defendants' actions in nowise prevented plaintiff from urging his candidacy with his customary vigor.

The judgment is affirmed.

FINLEY, HAMILTON, and McGOVERN, JJ., concur.
HUNTER, C.J., concurs in the result.