[No. 76-40647-1.   Division One.   October 22, 1969.]
Panel 1

THE STATE OF WASHINGTON, *Appellant*, v. HERBERT RAHN, *Respondent.*

*Charles O. Carroll, Prosecuting Attorney*, and *Paul M. Acheson, Deputy*, for appellant.

*James R. Young*, for respondent.

JAMES, C. J.—A justice court complaint charged the defendant in each of two counts with the gross misdemeanor defined in RCW 9.79.130 as follows:

Every person who solicits, entices or otherwise communicates with a child under the age of eighteen years for immoral purposes shall be guilty of a gross misdemeanor.

In the justice court the defendant was found guilty, and he appealed.

At the close of the state's case in the superior court trial, defendant's challenge to the sufficiency of the evidence was sustained and the case dismissed. The state's appeal brings the case to us.

From the evidence produced by the state, the jury could have found that the following occurred:

The defendant, a 58-year-old man, had for 3 or 4 years been acquainted with the mother of 11-year-old Leslie Ann, the child named as the victim in count one of the complaint. On the day of the alleged offense, it had been arranged by their parents that Leslie Ann and her friend, 10-year-old Joyce, would spend the day together at the mobile home of Joyce's family. Joyce is identified as the victim in count two of the complaint. The defendant lived in a mobile home situated a short distance from the one in which Joyce lived. The defendant had on prior Saturdays employed Joyce to wash dishes and clean his mobile home.

On the day of the alleged offense, Joyce planned to work for the defendant, and she asked Leslie Ann to accompany her to his home. They arrived at his home between 3 and 4 in the afternoon. Joyce cleaned the refrigerator, polished the defendant's shoes, and washed the dishes. During this time the defendant watched a football game on television. The girls chatted while Joyce worked and Leslie Ann also watched television.

When Joyce finished her work, she sat with Leslie Ann on the couch, and the girls began to tickle each other. The defendant turned in his chair and joined in the tickling. He then asked the girls if they would like to drive to the store to purchase balloons and ice cream for a party. The girls agreed. At the store, the defendant gave Joyce $5 (which included payment for her work) and gave Leslie Ann $1. After returning from the store, the defendant blew up the

balloons, and the tickling began again. While this was going on, the defendant put balloons between the girls' legs. He then touched Leslie Ann between her legs with his hand. The defendant produced wine and offered the girls some. Both drank a small amount. The defendant drank a considerable amount. He did not again touch either of the girls, and shortly thereafter he retired to his bedroom. The girls left the mobile home at about 9 p.m. and stayed the night at Joyce's home. Leslie Ann told her mother of defendant's conduct.

In sustaining the challenge, the trial judge stated that in his opinion the statute makes criminal only an *oral* solicitation. We disagree. The statute was enacted in 1961 and has not previously been construed by an appellate court. In our view, the basic rule of statutory construction, that the words must be given their commonly accepted meaning, requires the conclusion that the "solicitation" need not be oral. See *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). We are convinced that the phrasing "entice or otherwise communicate" clearly evidences a legislative recognition that one can as explicitly solicit by course of conduct as by the spoken word. Absent a verbal solicitation, evidence to prove intent must necessarily be circumstantial. But in any event, the question of intent is one of fact for the jury. *State v. Johnsen,* 76 Wn.2d 755, 458 P.2d 889 (1969).

The order of dismissal is reversed, and the case is remanded for trial. This disposition requires consideration of two questions properly raised by the defendant under CAROA 16.

Defendant first assigns error to the trial court's denial of his motion to dismiss with prejudice because he was not provided a speedy trial. Defendant grounded his motion on article 1, section 22 (amendment 10) of the state constitution and amendment 6 of the constitution of the United States. He also invokes RCW 10.46.010, which requires that criminal cases be brought to trial within 60 days.

In his brief, defendant claims that he "did demand a

speedy trial and did everything in his power to obtain a speedy trial, but was ignored in his demands by both the prosecuting attorney and the court." This indefinite assertion is not supported by any recorded portion of the trial court proceedings either in the transcript or in the statement of facts. It is amplified only by statements in the brief to the effect that the defendant was tried in justice court on July 16, 1968; that the transcript of the proceeding was filed in superior court on August 6; that accompanying the transcript was a "demand for a speedy trial" which was served on the prosecuting attorney by mail; that the prosecuting attorney neglected to have the case set for trial within 60 days after the date of filing the transcript; that on October 9 defendant filed a motion to dismiss, which was denied on October 18; that the motion was renewed before the trial judge and again denied.

■ Motions to dismiss on the grounds asserted by the defendant have been considered by our Supreme Court in many cases. Out of the various rulings has evolved the rule stated and amplified recently in *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969). It is there stated at 697:

Thus, it is a general rule that a request or demand for a speedy trial—or for any other relief or remedy for that matter—to be made the basis for a claim of error should be reasonably certain and explicit. And the demand must be to the court; a request to the prosecutor is insufficient. *United States v. Santos,* 372 F.2d 177 (2d Cir. 1967).

In *State ex. rel. James v. Superior Court,* 32 Wn.2d 451, 202 P.2d 250 (1949), the court said, at 455:

Had relators actually wanted a speedy trial, they could have noted their cases for setting and could have speeded up the proceedings.

Nothing that we can learn from the record before us establishes that the defendant ever made timely application to the *court* to set a trial date within the 60-day period.

■ The defendant's trial in superior court took place 78 days after the filing of the notice of appeal. At all times after his arrest, he was at liberty on bail. In ruling that the defendant was not denied a speedy trial, the able and expe-

rienced trial judge observed after nothing that the defendant had been at liberty on minimum bail, "I think that if it is not convenient for the Court to try the case, and he can wait comfortably on bail, that his constitutional right is not violated." Four factors have been recognized as relevant to a consideration of whether a delay in bringing a case to trial assumes due process proportions. These are: the length of the delay, the reason for the delay, the prejudice, if any, to the defendant, and the waiver, if any, by the defendant. *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968). The ultimate question here is, has a failure to afford an early trial disadvantaged the defendant in any way which has impaired his right to a fair trial? The defendant makes no such assertion and we find nothing in the record to suggest that he could. The defendant's constitutional right to an early (speedy) trial has not been denied him.

The second question raised by defendant concerns his oral motion to limit the prosecution in its presentation so as to exclude the evidence that defendant touched the girls. Defendant's argument is that such evidence might tend to establish the commission of another crime ("indecent liberties", under RCW 9.79.080) and should therefore be excluded because of its high potential for prejudice. The motion was presented and denied in chambers prior to impaneling the jury. It was renewed by an objection at the time Leslie Ann testified that the defendant placed balloons between the legs of the girls. The trial judge overruled the objection.

■ Defendant's contention is clearly without merit. If evidence is competent, relevant and material, it will not be excluded even though it may tend to show that the defendant committed some other crime. *State v. Davis,* 6 Wn.2d 696, 108 P.2d 641 (1940).

Reversed and remanded.

FARRIS and SWANSON, JJ., concur.