[No. 40812. Department Two. April 2, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD MELVIN EASTLAND, *Appellant.*\*

*Koenigsberg, Brown & Sinsheimer,* by *Ronald J. Meltzer,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *William L. Kinzel,* for respondent.

ROSELLINI, J.—The appellant was found guilty of robbery. The record shows that he was arrested on August 2, 1968, and was incarcerated in the King County jail. He appeared in a police lineup the next day, after having waived his right to have counsel present.

\*Reported in 467 P.2d 300.

On September 6, 1968, has was arraigned and counsel was appointed. A series of hearings on probable cause followed, and on October 8, 1968, the justice court granted the state's motion to bind over to the superior court. On October 24, 1968, the appellant was arraigned before the superior court. He was tried on December 12, 1968.

There is but one contention on appeal, and that is that the appellant was denied his constitutional right to a speedy trial. There is no contention that he was denied his right to counsel or that he was not advised of that right upon his arrest. But he proposes that the judgment be reversed and that action be dismissed becasue he was held in jail for more than 30 days before he was arraigned in justice court.

■ As the appellant maintains, the arresting officer violated Criminal Rule for Justice Court 2.03(c)(3) and (d)(1), RCW vol. 0, when he failed to bring the appellant before a judge as soon as was reasonably practical. However, the appellant's remedy for that failure was to demand that he be arraigned or released, and no demand was made. Having failed to demand his right, he cannot now obtain a dismissal unless he can show that the delay was oppressive, arbitrary, or prejudicial. *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969); *State v. White,* 72 Wn.2d 524, 433 P.2d 682 (1967).

While the appellant asserts that the delay was oppressive and prejudicial, he does not specify in what respects these factors existed. No confession was extracted from him while he was in jail. He states that any defendant will have a disadvantage in gathering evidence if he is kept confined in jail for a period of 30 days, but he does not seriously assert that he was denied his right to counsel during this period, and he points to no evidence that was lost because of the delay. In short, he relies upon conclusions rather than facts to sustain his contention that he was oppressed and that his defense was prejudiced. He makes no showing that the delay resulted in the denial of a fair trial.

The delay was apparently due to negligence on the part of the arresting officer, and such negligence is not to be

condoned. But a delay of a month is not in itself a sufficient ground to set aside a verdict of guilty, in the absence of some showing that the defendant was prejudiced thereby.

■ There is a further contention that the action should be dismissed because an information was not filed within 30 days from the date of arraignment. The statute, RCW 10.37.020, provides that the court shall order the prosecution dismissed, unless good cause to the contrary be shown. The objection that the information was not filed within 30 days was not raised until the case was appealed. It was therefore waived.

Furthermore, as in the case of the delay in arraignment, there is no showing of prejudice accruing during the time the appellant was held after the arraignment, before the information was filed. The appellant appeared several times in court during this interval and never moved to dismiss because of this delay. The contention that the action should be dismissed at the appellate level cannot be sustained.

The judgment is affirmed.

HUNTER, C. J., WEAVER, HALE, and NEILL, JJ., concur.