**Christ M. ROUSSEFF, Plaintiff,**

**v.**

**WESTERN AIRLINES, INC., Defendant.**

**No. CV 74–2552–AAH.**

United States District Court, C. D. California.

March 22, 1976.

David A. Rothberg, Beverly Hills, Cal., for plaintiff.

H. G. Robert Fong, Kirtland & Packard, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

Defendant, Western Airlines, Inc., herein presents its Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On October 26, 1973, plaintiff boarded WESTERN AIRLINES Flight No. 216 at Los Angeles, and said flight was scheduled to arrive at Phoenix at 4:59 P.M., with an intermediate stop at San Diego.

2. When Flight No. 216 arrived in San Diego, plaintiff was requested to disembark and was treated as being a stand-by passenger on the flight from San Diego to Phoenix.

3. Plaintiff was not given a confirmed seat for the San Diego to Phoenix flight.

4. Defendant WESTERN rerouted plaintiff from San Diego back to Los Angeles on Delta Airlines Flight No. 864, and from Los Angeles to Phoenix on WESTERN AIRLINES Flight 724.

5. WESTERN Flight No. 724 was scheduled to arrive in Phoenix at 6:40 P.M., less than two hours from the scheduled arrival time of Flight No. 216.

6. Plaintiff accepted and used the rerouted ticket provided by defendant WESTERN.

7. Plaintiff has no remedy at law, because he was provided with alternative transportation which would have gotten him to his destination within less than two hours from his originally scheduled time of arrival.

8. Under C.F.R., Part 250, specifically §§ 250.6 and 250.7, plaintiff's acceptance and use of the rerouted tickets provided by WESTERN constituted liquidated damages for all damages suffered by plaintiff, and plaintiff is therefore barred from this action.

9. Plaintiff can present no substantial evidence that he is entitled to any relief for either negligent or intentional infliction of emotional harm under California State law.

10. Plaintiff can present no facts to support a claim for any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever under 49 U.S.C. § 1374(b).

### CONCLUSIONS OF LAW

1. Plaintiff has no remedy at law, because he was provided with alternative transportation which would have gotten him to his destination within less than two hours from his originally scheduled time of arrival.

2. Under 14 C.F.R., Part 250, specifically §§ 250.6 and 250.7, plaintiff's acceptance and use of the rerouted tickets provided by WESTERN constituted liquid damages for all damages suffered by plaintiff, and plaintiff is therefore barred from this action.

3. Plaintiff can present no substantial evidence that he is entitled to any relief for either negligent or intentional infliction of emotional harm under California State law.

4. Plaintiff can present no facts to support a claim for any unjust dis-

crimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever under 49 U.S.C. § 1374(b).