Edna CHRISTENSEN, Plaintiff,

v.

NORTHWEST AIRLINES, INC.,
Defendant.

Civ. No. 77–0343.

United States District Court,
D. Hawaii.

Aug. 23, 1978.

Steven K. Christensen, Hilo, Hawaii, for plaintiff.

William W. Goss, Spokane, Wash., Alexander C. Marrack, Honolulu, Hawaii, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WONG, District Judge.

Plaintiff had a confirmed reservation on Flight 603 from Spokane to Seattle with defendant Northwest Airlines for June 25, 1974. She was to connect in Seattle with Northwest Flight 87 to Honolulu, then transfer to Hawaiian Airlines Flight 502 to Hilo. Upon boarding Flight 603 in Spokane (and after having been assigned a seat thereon), she was informed that her seat was already occupied and was therefore denied flight to Seattle. Alternative travel arrangements to Hilo were made by Northwest on plaintiff's behalf and she eventually arrived in Hilo approximately one hour and 38 minutes later than her originally scheduled arrival time.

On June 13, 1977, plaintiff filed suit in the Eastern District of Washington, claiming that she was never offered "denied boarding compensation;" that Northwest represented to her that she had a confirmed reservation "knowing full well that such representations were false and untruthful;" that she relied on "said representations in total ignorance of Defendant's policy of overbooking its flights and of denying boarding to some holders of paid, confirmed reservations and tickets;" that the "conduct and actions of defendant's agents and employees was rude, discourteous and unwarranted;" and that as a "legal and proximate result of the wrongful actions of Defendant's agents and employees, Plaintiff was greatly anguished and upset, rendered anxious, nervous, angry and ill, delayed in her return to Hawaii, worried and distraught as to her family and children in Hawaii who expected her early return. . . ." Plaintiff prayed for $25,000 general damages and $25,000 punitive damages. She subsequently moved for a change of venue to this Court, which motion was granted.

The defendant filed a motion for summary judgment, contending that since the suit was filed almost three years after the incident, it was beyond the two-year limit set by defendant's tariff on file with the Civil Aeronautics Board, and further, plaintiff failed to give notice of her claim to the defendant within 45 days of the incident, as required by the tariff. Defendant also denied that plaintiff was entitled to denied boarding compensation since she arrived at her destination in Hilo within two hours of her originally scheduled arrival time.

The Supreme Court held, in *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), that passengers are free to reject the compensation offered in favor of a common-law suit for damages suffered as a result of the bumping. Nader's common-law action was based on fraudulent misrepresentation arising from the airline's alleged failure to inform him in advance of its deliberate overbooking practices. Inasmuch as the State of Washington provides for a three-year statute of limitations (Rev. Code of Washington, § 4.16.080) for actions "for relief upon the ground of fraud," the action *sub judice* was timely filed.

A more difficult question arises as to whether jurisdiction is conferred in the federal courts. The complaint alleges jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1337, and under 49 U.S.C. § 1374(b). 28 U.S.C. § 1331 relates to civil actions arising under the Constitution, laws, or treaties of the United States; § 1337 to federal laws regulating commerce or protecting trade and commerce against restraints and monopolies. 49 U.S.C. § 1374(b) prohibits an air carrier from giving "any undue or unreasonable preference or advantage to any particular person . . . in air transportation" or subject "any particular person . . . to any unjust discrimination or any undue or unreasonable prejudice or disadvantage . . . ."

The deposition of the plaintiff clearly indicates that there is no evidence that can support a claim of unreasonable preference or advantage given to some other person or that the plaintiff was unjustly discriminated against or that she was subject to any undue or unreasonable prejudice or disadvantage. 49 U.S.C. § 1374(b) is therefore inapplicable.

The denial of plaintiff's claim to denied boarding compensation could conceivably implicate 28 U.S.C. §§ 1331 and 1337. Part 250 of 14 C.F.R. governs the terms and conditions under which denied boarding compensation is to be offered passengers holding confirmed reserved space who are denied boarding on an oversold flight ("bumped" passengers). A minimum of $25 and a maximum of $200 is to be paid to a bumped passenger. Under 14 C.F.R. § 250.-6, a passenger, however, is not eligible for such compensation if the carrier arranges for transportation which is scheduled to arrive at the airport of his destination not later than two hours after the planned arrival time of the originally scheduled connecting flight for which a reservation is held by the passenger. Plaintiff, who ar-

rived in Hilo, her final destination, approximately an hour and 40 minutes after her original scheduled arrival time, was determined by the defendant to be ineligible for denied boarding compensation and was therefore not paid such compensation.

■ 14 C.F.R. § 250.7 provides that tender of denied boarding compensation, if accepted by the passenger, shall constitute liquidated damages for all damages incurred by the passenger as a result of his being bumped. There is nothing in Part 250 which provides that acceptance of alternate transportation which is scheduled to arrive within two hours of the originally scheduled arrival time (and therefore render him ineligible for compensation) would also constitute "liquidated damages for all damages incurred by the passenger" for the bumping. It appears, however, that such was the intent of 14 C.F.R. Part 250. This Court accordingly holds that where plaintiff accepts and uses the alternate transportation provided by defendant which is scheduled to arrive not later than two hours of the originally scheduled arrival time, he is entitled to no further compensation for any damages suffered because of the bumping. See *Rousseff v. Western Airlines, Inc.*, D.C., 409 F.Supp. 1262 (1976).[1] Plaintiff must therefore be deemed to have made a binding election so that common-law remedies are no longer available to her for damages resulting from the bump.[2]

Plaintiff has further alleged that defendant's agents and employees were rude and discourteous. If such actions damaged plaintiff, she would not be precluded by 14 C.F.R. Part 250 from bringing suit. However, jurisdiction in this Court must be under 28 U.S.C. § 1332 (diversity of citizenship). Even were we to assume that damages arising from defendant's bumping plaintiff were not precluded by 14 C.F.R. Part 250, this Court cannot by any stretch of its imagination find that the claims of damages over $10,000 were made in good faith. In answer to the question as to what happened after she walked off the plane, plaintiff testified in her deposition (at pp. 17–18):

We went back into the terminal and my sister—we had all been crying and she started laughing at us and we were—we all burst out laughing. And someone said: the supervisor wants to see you at the front.

So we walked over there and then he started in on us. We were crying and laughing and he said: it is your own fault, you were late getting here. And I said: I was not. And he insisted. And he shouted even louder. He said: yes, you were. You were late getting here. And I said: I was not. And he said: yes you were. And there was a few people around, and I got angry and I went to look for a telephone to call some, a manager or somebody else to report him.

And he went—I could see him, I walked out and he talked to some of the clerks in the, I guess, in the counter, and the—I don't know—he—my sister called me back, he had—he told her to call me back and he wanted to talk to me. And when I got there he was very apologetic. He was—he had changed from the shouting, you know, accusing manner to an: I'm very, very sorry. You know, we will refund your money for this, this inconvenience.

And he took my name and address and promised to refund our money. And I said okay. Got us to the United Airlines, rushed us over to United Airlines and put us in first class passage, which we did not have on Northwest, and was not necessary because there were seats available in the economy section.

The deposition of the plaintiff also indicated that one of defendant's employees had notified plaintiff's husband of the new arrival time and he was awaiting plaintiff upon her arrival.

1. It is presumed that the defendant's Findings of Fact and Conclusions of Law were in fact adopted by the District Court, although there was no indication to that effect.

2. In *Nader*, the plaintiff rejected both the denied boarding compensation and the alternate transportation offered by the airline, thus preserving his common-law remedies.

The Court in *Hamilton v. Hartford Accident & Indemnity Co.*, 425 F.Supp. 224, 226 (E.D.Pa. 1977), stated:

Judicial authority establishes the proposition that "in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Zahn v. International Paper Company*, 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972). Also, the court's discretion may be exercised on the basis of the pleadings and the burden is on the plaintiff to satisfy the court that the jurisdictional amount is really substantially involved. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188–189, 56 S.Ct. 780, 784–785, 80 L.Ed. 1135 (1936).

While the amount claimed by the plaintiff in a diversity action controls if the claim is apparently made in good faith (*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), it is not made in good faith, if it appears colorable, that is, without basis in the facts alleged and made solely for the purpose of obtaining federal jurisdiction. *Arnold v. Troccali*, 344 F.2d 842 (2d Cir. 1965).

The burden is on the plaintiff to satisfy the court that the jurisdictional amount is really and substantially involved. *McNutt v. General Motors Acceptance Corp., supra.*

This Court concludes that any damages plaintiff may have suffered fall far short of the required jurisdictional amount of over $10,000; that the damages claimed in the complaint are without any factual basis, were not claimed in good faith, but were made solely for the purpose of obtaining federal jurisdiction. This Court therefore has no jurisdiction under 28 U.S.C. § 1332 (or under § 1331).

Defendant's motion for summary judgment is accordingly granted.