* The Honorable Arlin M. Adams, United States Circuit Judge for the Third Circuit, sitting by designation.

**Gary WASSERMAN, Appellant,**

v.

**TRANS WORLD AIRLINES, INC., a New York Corporation, Appellee.**

**No. 80–1243.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1980.

Decided Oct. 20, 1980.

Karl F. Schmidt, Michael C. Manning, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for appellee.

William H. Pickett, Kansas City, Mo., for appellant.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and NANGLE, District Judge.[*]

PER CURIAM.

Gary Wasserman appeals from a judgment of the district court[1] denying both his federal and state claims for damages. Both claims were based on the grounding (or "bumping") of Wasserman from Trans World Airlines, Inc.'s (TWA) flight 247 on August 24, 1976, on which Wasserman held a confirmed reservation. Count I of the complaint alleged that TWA had violated 49 U.S.C. § 1374(b).[2] Count II of the complaint sought damages from TWA under a common–law theory of fraudulent misrepresentation based upon the airline's alleged failure to disclose its overbooking practice. The district court found that both claims were barred by Wasserman's acceptance of alternative transportation under 14 C.F.R. § 250.6 (1976) and other applicable regulations.[3]

Wasserman appeals only that portion of the district court's ruling in favor of TWA on his fraudulent misrepresentation claims. Relying on *Christensen v. Northwest Airlines, Inc.*, 455 F.Supp. 492, 494 (D.Hawaii 1978), the district court found "[w]ith specific reference to the State fraud and misrepresentation claim," that Wasserman's acceptance of alternative transportation was deemed "a binding election" precluding damages based on common–law remedies. *Wasserman v. Trans World Airlines, Inc.*, 486 F.Supp. 194, 198 (W.D.Mo.1980).

As in the instant case, the *Christensen* case involved the bumped holder of a confirmed airline reservation who had accepted alternative transportation. There, as here, the plaintiff sought damages both under

[*] The Honorable JOHN F. NANGLE, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1.] The Honorable JOHN W. OLIVER, Chief Judge of the United States District Court for the Western District of Missouri.

[2.] 49 U.S.C. § 1374(b) prohibits an air carrier from giving "any undue or unreasonable preference or advantage to any particular person * * * in air transportation" or subject "any particular person * * * to any unjust discrimination or any undue or unreasonable prejudice or disadvantage * * *."

[3.] The relevant sections of 14 C.F.R. (1976) are:
§ 250.4 Filing of denied boarding compensation tariffs.
Subject to the exceptions provided in § 250.6, every carrier shall file tariffs providing compensation to a passenger holding confirmed reserved space who presents himself for carriage at the appropriate time and place, having complied fully with the carrier's requirements as to ticketing, check–in and reconfirmation procedures and being acceptable for transportation under the carrier's tariff, and the flight for which the passenger holds confirmed reserved space is unable to accommodate the passenger and departs without him.
§ 250.6 Exceptions to eligibility for denied boarding compensation.
A passenger shall not be eligible for denied boarding compensation if:
(a) The flight for which the passenger holds confirmed reserved space is unable to accommodate him because of (1) Government requisition of space; or (2) substitution of equipment of lesser capacity when required by operational and/or safety reasons; or
(b) The carrier arranges for comparable air transportation or for other transportation accepted (i. e., used) by the passenger, which, at the time either such arrangement is made, is planned to arrive at the airport of the passenger's next stopover or, if none, at the airport of his destination earlier than, or not later than 2 hours after, the time the direct or connecting flight, on which confirmed reserved space is held, is planned to arrive in the case of interstate and overseas air transportation, or 4 hours after such time in the case of foreign air transportation; or
(c) The passenger is accommodated on the flight for which he holds confirmed reserved space, but is offered accommodations or is seated in a section of the aircraft other than that specified in this ticket at no extra charge: *Provided*, That a passenger seated in a section for which a lower fare is charged shall be entitled to an appropriate refund.
§ 250.7 Denied boarding compensation as liquidated damages.
The tariffs required by this part shall specify that the carrier will tender, on the day and place the denied boarding occurs, compensation in the amount specified above, which, if accepted by the passenger, shall constitute liquidated damages for all damages incurred by the passenger as a result of the carrier's failure to provide the passenger with confirmed reserved space.

Section 1374(b) and at common law for alleged fraud and misrepresentation by the airlines. The court interpreted the applicable regulations[4] as precluding recovery where alternative transportation has been accepted:

> 14 C.F.R. § 250.7 provides that tender of denied boarding compensation, if accepted by the passenger, shall constitute liquidated damages for all damages incurred by the passenger as a result of his being bumped. There is nothing in Part 250 which provides that acceptance of alternate transportation which is scheduled to arrive within two hours of the originally scheduled arrival time (and therefore render him ineligible for compensation) would also constitute "liquidated damages for all damages incurred by the passenger" for the bumping. It appears, however, that such was the intent of 14 C.F.R. Part 250.

*Id.* 455 F.Supp. at 494. The court in *Christensen* then concluded that:

> where plaintiff accepts and uses the alternative transportation provided by defendant which is scheduled to arrive not later than two hours of the originally scheduled arrival time, he is entitled to no further compensation for any damages suffered because of the bumping. *See Rousseff v. Western Airlines, Inc.,* D.C., 409 F.Supp. 1262 (1976). Plaintiff must therefore be deemed to have made a binding election so that common–law remedies are no longer available to her for damages resulting from the bump.

*Id.* at 494 (footnotes omitted). *See also Rousseff v. Western Airlines, Inc.,* 409 F.Supp. 1262, 1263 (C.D.Cal.1976).

The district court noted that *Nader v. Allegheny Airlines, Inc.,* 445 F.Supp. 168 (D.D.C.1978), was inapposite because that case, unlike the instant case, involved the bumped holder of a confirmed reservation who rejected both denied boarding compensation and alternative transportation. In *Nader,* the court found that the airline had a duty to disclose to the plaintiff the existence of the airline's overbooking practice and that its failure to do so subjected it to liability for the common–law tort of misrepresentation. Because the plaintiff never accepted alternative transportation, the court in *Nader* had no occasion to decide whether the acceptance of alternative transportation could be considered the equivalent of denied boarding compensation, and hence, a bar to a common–law action through the application of the liquidated damages provision, 14 C.F.R. § 250.7 (1976) (now 14 C.F.R. § 250.4(b) (1978)).

We have carefully examined the briefs and the record in this appeal, and have considered all of the arguments of the parties. We are convinced that the district court's findings with respect to Wasserman's common–law claim for fraudulent misrepresentation are not clearly erroneous, Fed.R.Civ.P. 52(a), that the trial judge correctly applied the relevant law, and accordingly, affirm the judgment of the trial court.

4. Part 250 of 14 C.F.R. governs the terms and conditions under which denied boarding compensation is to be offered passengers holding confirmed reserved space who are denied boarding on an oversold flight. A minimum of $25 and a maximum of $200 is to be paid to such passengers. Under 14 C.F.R. § 250.6, a bumped passenger is not eligible for such compensation if the carrier arranges for transportation which is scheduled to arrive at the airport of his destination not later than two hours after the planned arrival time of the originally scheduled connecting flight for which a reservation is held by the passenger. Because Wasserman arrived at his destination within two hours of his scheduled arrival time, he was not offered denied boarding compensation.