**Edna CHRISTENSEN,
Plaintiff–Appellant,**

**v.**

**NORTHWEST AIRLINES, INC.,
Defendant–Appellee.**

**No. 78–3217.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1980.

Decided Nov. 26, 1980.

Steven K. Christensen, Hilo, Hawaii, on briefs, for plaintiff–appellant.

Alexander C. Marrack, Honolulu, Hawaii, on briefs, for defendant–appellee.

Before ELY, GOODWIN, Circuit Judges, and GRANT,* District Judge.

PER CURIAM:

Appellant Christensen seeks damages allegedly arising from being denied seats

---

* Honorable Robert A. Grant, Senior United States District Judge, Northern District of Indi-

ana, sitting by designation.

("bumped") on her reserved flight from Spokane to Seattle, and for mental distress arising from a short verbal altercation with a Northwest Airlines agent. The District Court, in a published summary judgment order, dismissed her action for failure to meet the $10,000 amount–in–controversy jurisdictional requirements of 28 U.S.C. §§ 1331(a), 1332(a). *See Christensen v. Northwest Airlines, Inc.*, 455 F.Supp. 492 (D.Haw.1978). We affirm.

A full statement of the facts, appellant's allegations, and applicable law are set forth in the District Court opinion. In short, on June 25, 1974, Christensen and her children were bumped on their reserved flight from Spokane to Seattle. Her ultimate destination was Hilo, Hawaii. Northwest Airlines, appellee herein, promptly arranged for alternative transportation, providing appellant first class transportation from Spokane to San Francisco, where appellant then caught a connecting flight to Hilo. In all, Christensen was delayed approximately one hour and thirty–eight minutes from her expected arrival time in Hawaii.

Approximately three years after these events, on June 13, 1977, appellant filed suit in Washington, and subsequently moved for, and was granted, a change of venue to the United States District Court for the District of Hawaii. Christensen claimed that she was never offered "denied boarding compensation," 14 C.F.R. § 250.4 *et seq.*; that Northwest Airlines was liable on a common law fraud and deceit claim stemming from their deliberate overbooking policies; and that she was further damaged as a result of rude and discourteous conduct by an agent of Northwest Airlines. Appellant sued for $25,000 general damages and an equal amount as punitive damages.

■ We agree with the District Court that under applicable C.A.B. regulations in effect at the time of the incident, 14 C.F.R. §§ 250.6, 250.7 (1974),[1] appellant's common law remedies for damages resulting from the bump are barred by her acceptance of alternative air transportation. *Christensen*, 455 F.Supp. at 494; *see also Wasserman v. Trans World Airlines, Inc.*, 486 F.Supp. 194, 198 (W.D.Mo.1980); *Rousseff v. Western Airlines, Inc.*, 409 F.Supp. 1262, 1263 (C.D. Cal.1976).

This result is consistent with the comments to the order implementing amendments to 14 C.F.R. § 250.6(b). They state that the regulation gives "an oversold passenger the option of either accepting denied boarding compensation or accepting 'other transportation' arriving at the . . . specified time."[2] Thus, we construe acceptance of alternative air transportation as equivalent to acceptance of denied boarding compensation, thus bringing into operation the liquidated damages bar of 14 C.F.R. § 250.7.

■ Appellant's remaining tort claim based on the assertedly rude and discourteous conduct of Northwest Airlines agents and employees, even if it states a cause of action under Washington State law,[3] is not justiciable in federal court. That suit rests on diversity jurisdiction. 28 U.S.C. § 1332. The District Court correctly held that appellant's claims of damages over $10,000 were not made in good faith but only for

---

**1.** 14 C.F.R. § 250.6(b) (1974) provided that a passenger is ineligible for denied boarding compensation if the carrier arranges transportation accepted [used] by the passenger which is scheduled to arrive at the passenger's destination within two hours of the planned arrival time of the originally scheduled flight.

14 C.F.R. § 250.7 (1974) provided that acceptance of denied boarding compensation under Part 250 constitutes "liquidated damages for all damages incurred by the passenger as a result of the carrier's failure to provide the passenger with confirmed reserved space."

**2.** C.A.B. Order ER–588, 34 Fed.Reg. 14282 (1969).

**3.** Appellant's $25,000 claim for punitive damages cannot serve as a basis for the jurisdictional amount–in–controversy requirement. 28 U.S.C. § 1332(a). Washington, the situs of the alleged tort, does not allow punitive damages absent statutory authority. *Steele v. Johnson,* 76 Wash.2d 750, 458 P.2d 889 (1969); *Maki v. Aluminum Bldg. Prods.,* 73 Wash.2d 23, 436 P.2d 186 (1968). State law determines the nature and extent of the right to be enforced in a diversity case. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961).

the purpose of obtaining federal court jurisdiction. *Christensen*, 455 F.Supp. at 494, 495. It is clear to a legal certainty that appellant's unliquidated tort claim could not sustain a judgment of over $10,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Burns v. Anderson*, 502 F.2d 970 (5th Cir. 1974); *Gill v. Allstate Insurance Co.*, 458 F.2d 577 (6th Cir. 1972); *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971). At most, appellant suffered anger and embarrassment when she engaged in an argument over who was at fault for her missed flight to Seattle. *Christensen*, 455 F.Supp. at 494. A federal court should not and cannot adjudicate such minor claims.

AFFIRMED.