982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darrel Lee McCABE, Plaintiff-Appellant,
v.
Tim E. McKINNEY; Joyce Campbell, Defendants-Appellees.
 No. 88-2904.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before SETH, HOLLOWAY and McWILLIAMS, Senior Circuit Judges.
 ORDER AND JUDGMENT*
 HOLLOWAY, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.[1] This cause is therefore ordered submitted without oral argument.
 
 
 2
 Darrel Lee McCabe appeals from the district judge's order dismissing without prejudice his diversity libel action for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. After reviewing the complaint and the documents that McCabe submitted in support of jurisdiction, the judge concluded that the allegations were insufficient to establish a good faith claim for the then-minimum amount, $10,000. We affirm.
 
 
 3
 * While incarcerated in the State of Washington in 1988, McCabe initiated this libel action in forma pauperis and pro se in the District of New Mexico. McCabe's complaint, filed June 1, 1988, alleged that the defendants had, with "wilful malice, gross negligence, wanton misconduct, and recklessly," knowingly published a false report to the Federal Bureau of Investigation which they knew "would tend to subject plaintiff to hatred, distrust, ridicule, contempt, and disgrace." I R. Doc. 1. Although the complaint did not allege the factual basis for the allegations, subsequent filings show McCabe claims that the Sheriff of Fremont County, Wyoming, and an employee supplied the FBI with erroneous criminal history information about him in 1987. See I R. Doc. 10. McCabe demanded a trial by jury. The prayer in McCabe's complaint sought $50,000 in compensatory damages and $150,000 in punitive damages. I R. Doc. 1. The district judge directed that the complaint be filed, but not served. I R. Doc. 4.
 
 
 4
 The judge entered an order on June 27, 1988, dismissing the action sua sponte on the ground that venue was not proper in the District of New Mexico. McCabe filed a motion to reconsider the ruling on venue, which the judge granted. I R. Doc. 8. However, in the same order the judge dismissed the complaint without prejudice, this time on a determination made sua sponte of the insufficiency of the jurisdictional amount allegations in McCabe's complaint.
 
 
 5
 Relying on McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936), the judge reasoned that a "district court may exercise discretion in determining whether the amount alleged to support diversity jurisdiction is alleged in good faith and is substantially involved." I R. Doc. 8. The judge held that the "conclusory allegations" in McCabe's complaint were "insufficient to establish the jurisdictional amount," and dismissed the complaint without prejudice for lack of subject matter jurisdiction. Id.
 
 
 6
 McCabe responded by filing a motion asking the judge to reconsider the order dismissing the action. With the motion, McCabe filed a supporting Memorandum Brief and attached to it exhibits consisting, in part, of copies of his correspondence with the Freemont County sheriff's office concerning the record of his criminal history. The judge denied the motion to reconsider, explaining:
 
 
 7
 Upon consideration of Plaintiff's motion and accompanying memorandum, the Court remains unconvinced that the amount in controversy exceeds $10,000. While the pleadings referred to above set forth in somewhat greater detail the basis upon which Plaintiff claims an injury, they do not provide further support for Plaintiff's claim that his injury resulted in damages that can be expected to meet the jurisdictional amount.
 
 
 8
 I R. Doc. 11.
 
 
 9
 McCabe appeals from the judge's order dismissing the action. McCabe asks us to reverse the judge's ruling with instructions to serve the complaint and summons.
 
 II
 
 10
 On appeal, McCabe argues that the district judge applied the wrong standard in determining the insufficiency of the jurisdictional amount of the claim asserted by him. He says that the sum claimed by the plaintiff controls if made in good faith, and that absolute certainty is not required, citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), inter alia. Further, McCabe contends that the district court failed to recognize the proper rule concerning a defamation claim where there can be no predetermined sum certain respecting damages. Moreover, McCabe says that the district court failed to consider the rule that failure to recover the jurisdictional amount does not defeat jurisdiction, again citing St. Paul Mercury Indemnity Co. We must disagree, finding no error in the trial judge's assessment of McCabe's claim with respect to the jurisdictional amount and the proper standards to apply.
 
 
 11
 When McCabe's complaint was filed on June 1, 1988, a plaintiff seeking to invoke a federal court's diversity jurisdiction was required to allege properly that the "matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (1982), amended by 28 U.S.C. § 1332(a) (1988). In language varying just slightly from the statute, McCabe's complaint alleged: "The matter in controversy exceeds, exclusive of interest and costs, the sum of ten thousand dollars." I R. Doc. 1. Unless questioned, standard language such as that in the jurisdictional allegation in McCabe's complaint is sufficient to satisfy the requirement that a plaintiff allege the minimum jurisdictional amount necessary in a diversity action. Fehling v. Cantonwine, 522 F.2d 604, 605 (10th Cir.1975).
 
 
 12
 Even where neither party has questioned the existence of federal jurisdiction, the court has a responsibility to determine independently whether it has subject matter jurisdiction, including the required jurisdictional amount in controversy. See, e.g., Ross v. Inter-Ocean Ins. Co., 693 F.2d 659, 660-61 (7th Cir.1982) (court of appeals determined jurisdictional amount was lacking even though parties and district judge had not questioned such amount; case remanded with directions to vacate judgment and remand to state court). "Either the court on its own motion or the opposing party may contest plaintiff's statement of the jurisdictional amount." 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702, at 17-18 (1985). Once the jurisdictional amount was challenged here by the court's order, in connection with the further showing of the jurisdictional amount attempted by McCabe, the burden of demonstrating jurisdiction rested on McCabe. Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir.1973).
 
 
 13
 McCabe attempted to support the jurisdictional allegation through his second motion to reconsider, to which he attached his Memorandum Brief with copies of correspondence with the Freemont County Sheriff's office and the FBI concerning his FBI identification record. In ruling on the motion to reconsider, the judge stated that he had considered both "Plaintiff's motion and accompanying memorandum." I R. Doc. 11. We believe the trial judge in essence treated McCabe's motion to reconsider, as well as his attached memorandum and its exhibits, as an amendment to the complaint and as McCabe's proof of jurisdictional amount. Because McCabe has raised no objection to the trial judge's method of inquiring into the facts underlying the jurisdictional allegation, we express no opinion on the correctness of the judge's procedure leading to his order of dismissal. Therefore, we consider only whether McCabe satisfied his burden of showing that the jurisdictional amount is involved.
 
 
 14
 The basic test for determining whether a matter in controversy satisfies the jurisdictional amount requirement is whether the jurisdictional amount allegation is apparently made in good faith. If the court concludes that it is not, then dismissal may be proper. The rule is that:
 
 
 15
 unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.
 
 
 16
 St. Paul Mercury Indemnity Co., 303 U.S. at 288-89 (footnotes omitted).
 
 
 17
 In his Memorandum Brief, McCabe explained that he was attempting to "justify the allegations and satisfy the legal certainty standard of good faith." I R. Doc. 10 at 3. Of all of the documents that McCabe attached to his Memorandum Brief, only one provides possible support for a libel allegation. The exhibit is a copy of a message from an employee in the Freemont County Sheriff's office to the FBI, dated May 18, 1987. The substantive part of the message stated: "Be advised according to the criminal file on this subject it advised subj. was sentenced to $104 bond and disposition advises, floated. Hope this will help!" I R. Doc. 10, Ex. E. The exhibit is attached as Appendix A to this order.[2]
 
 
 18
 The meaning of the message is unclear because it appears to be written in a shorthand form of expression used by the local law enforcement personnel. The message does not state the nature of the charge underlying the arrest. McCabe did not attempt to place the message in context by, for example, explaining in what respect he alleges the information in the message was false. That McCabe was sentenced to "$104 bond" does not necessarily indicate McCabe's involvement in a serious crime. In addition, the complaint, memorandum and its exhibits do not furnish any additional details to support McCabe's claim of $200,000 in compensatory and punitive damages.
 
 
 19
 Because all the instruments and their averments do not provide a basis for a good faith claim of damages exceeding $10,000, we feel the judge did not err in concluding that the conclusory allegations were insufficient to establish the requisite jurisdictional amount. We are satisfied to a legal certainty that the matter in controversy in McCabe's action did not satisfy the jurisdictional amount requirement. See Gibson v. Jeffers, 478 F.2d at 220-21 (affirming dismissal of action because, even after amendments, general allegations in complaint were legally insufficient to support federal jurisdiction); see also, e.g., Christensen v. Northwest Airlines, Inc., 633 F.2d 529, 530-31 (9th Cir.1980); Gill v. Allstate Ins. Co., 458 F.2d 577, 578-79 (6th Cir.1972); Nelson v. Keefer, 451 F.2d 289, 296-98 (3d Cir.1971). As the court said in Christensen, we are satisfied that "[i]t is clear to a legal certainty that appellant's unliquidated tort claim could not sustain a judgment of over $10,000." 633 F.2d at 531.
 
 
 20
 The order dismissing the complaint and action without prejudice is AFFIRMED. The mandate shall issue forthwith.
 
 
 21
 APPENDIX "A"
 
 
 22
 EXHIBIT E.
 
 TO
 FEDERAL BUREAU OF INVESTIGATION
 10th & PA. AVE. NW
 WASHINGTON, D.C. 20537-9700
 FREMONT COUNTY SHERIFF'S DEPARTMENT
 TIM McKINNEY, SHERIFF
 LANDER, WYOMING 82520
 307-332-5611
 DATE MAY 18, 1987
 MESSAGE
 RE: DARREL LEE MCCABE
 FBI NUMBER 100328 E
 ARREST NUMBER 1160971
 
 23
 Be advised according the criminal file on this subject it advised subj. was sentenced to $104 bond and disposition advises, floated.
 
 
 24
 Hope this will help!
 
 
 25
 /s/ Joyce Campbell
 
 SIGNED Joyce Campbell/Warrants
 SIGNED
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 McCabe stated in his brief that he did not request oral argument. Appellant's Brief at 5
 
 
 [2]
 We note that Exhibit I to McCabe's Memorandum Brief in support of his motion to reconsider the dismissal for lack of jurisdictional amount does state: "4. Records indicate you were booked into jail on August 17, 1963, and released on August 26, 1963." This statement, however, was not shown to have been made otherwise than in this exhibit, a January 20, 1988, letter from the Sheriff responding to a request from McCabe himself. Thus we see no substance to this exhibit as showing a basis for any damages