983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virgil POPESCU, Plaintiff-Appellant,
v.
JACK LALANNE FITNESS CENTERS, aka U.S. Health Incorporated &
Bally's Health & Tennis Corporation, Defendant-Appellee.
 No. 92-55660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Virgil Popescu appeals pro se the district court's dismissal without prejudice of his action against Jack LaLanne Fitness Centers pursuant to 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984) (dismissal of an action without prejudice is appealable under 28 U.S.C. § 1291), cert. denied, 470 U.S. 1007 (1985).[1] We review de novo the district court's dismissal for lack of subject matter jurisdiction, Clayton v. Republic Airlines, Inc., 716 F.2d 729, 730 (9th Cir.1983), and we affirm.
 
 
 3
 * Background
 
 
 4
 Popescu filed a complaint against Jack LaLanne Fitness Centers, U.S. Health Inc., and Bally's Health & Tennis Corp. (collectively, "Jack LaLanne"), alleging that Jack LaLanne breached a health club contract and caused Popescu emotional distress. Popescu's action rested upon diversity jurisdiction. Popescu's complaint demanded $10,000,000 in compensatory and punitive damages. Jack LaLanne moved to dismiss Popescu's complaint pursuant to Fed.R.Civ.P. 12(b). Jack LaLanne argued that Popescu failed to state in good faith the jurisdictional amount of $50,000 required by 28 U.S.C. § 1332(a). Following a hearing, the district court granted Jack LaLanne's motion to dismiss on the basis that Popescu could not meet the minimum amount in controversy required under 28 U.S.C. § 1332(a). Popescu timely appeals.
 
 II
 Merits
 
 5
 On appeal, Popescu contends the district court erred by finding to a legal certainty that Popescu's claim did not exceed $50,000. This contention lacks merit.[2]
 
 
 6
 Federal district courts have original jurisdiction of civil actions in which there is diversity of citizenship and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332(a). Where such a jurisdictional amount applies, the district court must determine whether the value of the controversy meets that amount. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938). The sum claimed by the plaintiff in his or her complaint normally controls the amount in controversy. Id. at 288; Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986). Nevertheless, where it appears to a legal certainty that the claim is for less than the jurisdictional amount, the district court is justified in dismissing the action. St. Paul, 303 U.S. at 289 (citations omitted). "Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Pachinger, 802 F.2d at 364 (citations omitted).
 
 
 7
 Here, Popescu's complaint sought compensatory and punitive damages arising out of the alleged breach of contract. The price of the health club contract at issue was $1,228. Under California law, punitive damages are not recoverable for breach of contract. Tibbs v. Great Am. Ins. Co., 755 F.2d 1370, 1375 (9th Cir.1985). Thus, Popescu's damages for the alleged breach of contract were limited to compensatory damages only. See id.; see also Cal.Civ.Code § 3294.
 
 
 8
 Popescu's complaint also sought compensatory damages for the emotional distress Popescu allegedly suffered as a result of his telephone conversations with health club employees and agents. The damages for this emotional distress could not sustain a judgment exceeding $48,772. See Christensen v. Northwest Airlines, Inc., 633 F.2d 529, 530-31 (9th Cir.1980).[3] Given these facts, the district court did not err by determining that Popescu claimed $10,000,000 in damages merely to obtain federal court jurisdiction. Therefore, the district court correctly dismissed Popescu's action without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has jurisdiction over a district court order disposing of all issues before the district court, even in the absence of a separate judgment. French v. Merrill Lynch, Pierce, Fenner & Smith, 784 F.2d 902, 905 & n. 2 (9th Cir.1986)
 
 
 [2]
 Popescu also contends that he did not have notice of the oral argument on Jack LaLanne's motion to dismiss. This contention lacks merit. Popescu admits that he received Jack LaLanne's Notice of Motion to Dismiss, which informed Popescu of the location, date, and time of the hearing on the motion. Nevertheless, Popescu argues that it was unclear whether oral argument was to be heard or the motion was to be submitted on the papers. S.D.Cal.Local R. 7.1(d)(1) provides that motions are to be determined upon the papers and oral argument. The court, in its discretion, may decide a motion without oral argument. Id. When a party desires submission of a motion without oral argument, he or she must indicate this desire in the notice of motion. S.D.Cal.Local R. 7.1(d)(2). Neither the court nor Jack LaLanne indicated that the motion was to be submitted without oral argument. Therefore, Popescu had notice of the hearing
 
 
 [3]
 Christensen sued an airline for damages arising from being denied a seat on her reserved flight and for mental distress arising from a verbal altercation with an airline agent. Christensen, 633 F.2d at 530. The district court found that the claimed damages were made for the purpose of obtaining federal court jurisdiction. Id. at 530-31. This court determined that it was clear to a legal certainty that Christensen's claims for damages arising from the "rude and discourteous conduct" of the airline agents could not sustain a judgment exceeding the jurisdictional minimum. Id. Similarly, here, because Popescu based his claim for emotional distress on the assertedly rude and harassing conduct of the health club employees and agents, his claim for damages could not sustain a $50,000 judgment. See id