28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
July SIMEONA, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., Defendant-Appellee.
 No. 93-16831.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 July Simeona appeals pro se the district court's order granting defendant's motion to dismiss his 42 U.S.C. Sec. 1983 and breach of contract claims pursuant to Fed.R.Civ.P. 12(b)(6). Simeona contends that United Airlines violated his civil rights and breached a contract when it excluded him from a connecting flight because his companion had lit a cigarette on an earlier non-smoking flight. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 
 4
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Buckey v. Los Angeles, 957 F.2d 652, 654 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 42 U.S.C. Sec. 1983 claim
 
 5
 To state a claim under Sec. 1983, the plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). The plaintiff must allege a causal connection between the named defendants and the alleged constitutional deprivation. Rizzo v. Goode, 423 U.S. 362, 375 (1976); Conner v. Sakai, 15 F.3d 1463, 1467 (9th Cir.1994). Vague and conclusory allegations, however, are not sufficient to support a Sec. 1983 claim. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir.1983).
 
 
 6
 When the defendant in a Sec. 1983 action is a private party, the district court must determine whether the offending conduct is "fairly attributable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). A private individual who conspires with government officials may be sued under Sec. 1983. Dennis v. Sparks, 449 U.S. 24, 27 (1980). However, a plaintiff must do more than make sweeping assertions of conspiracy and bad faith on the part of all involved, but must instead allege facts which would permit the court to conclude that these assertions had substantive validity. Price v. State of Hawaii, 939 F.2d 702, 708 (9th Cir.1991), cert. denied, 112 S.Ct. 1480 (1992).
 
 
 7
 Here, first, Simeona fails to show that defendants acted under color of state law or conspired with state officials when they prevented Simeona and his companion from boarding their scheduled flight. See Lugar, 457 U.S. at 937; Dennis, 449 U.S. at 27; Price, 939 F.2d at 708. Second, Simeona fails to show that the security guard who allegedly "evicted" Simeona and his companion from their scheduled flight was a government official or was in any way connected to the defendants. See Lugar, 457 U.S. at 937; Rizzo, 423 U.S. at 375; Conner, 15 F.3d at 1467. Third, Simeona fails to identify which Constitutional or federal statutory right United Airlines violated. See Karim-Panahi, 839 F.2d at 624. Thus, Simeona fails to establish that defendants are liable under Sec. 1983. See id.
 
 Breach of contract claim
 
 8
 An airline passenger's common law remedies for damages resulting from being excluded from his reserved flight are barred by acceptance of alternative air transportation. Christensen v. Northwest Airlines, Inc., 633 F.2d 529, 530 (9th Cir.1980) (per curiam).
 
 
 9
 Simeona contends that United Airlines' decision to remove him and his companion from their connecting flight to Honolulu was a breach of contract. This contention lacks merit. Because Simeona accepted United Airlines' reaccommodation on another airline to Honolulu within three hours at no additional expense to him, Simeona is precluded from seeking common law contract damages for being excluded from his original reserved seat. See Christensen, 633 F.2d at 530.
 
 
 10
 Accordingly, the district court did not err in dismissing Simeona's Sec. 1983 and breach of contract claims pursuant to Fed.R.Civ.P. 12(b)(6). See Buckey, 957 F.2d at 654; Balistreri, 901 F.2d at 699.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3